# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **TPI CLOUD HOSTING, INC.** § | |
| § | |
| v. § | No. 1:19-cv-0808 JRN |
| § | |
| **KELLER WILLIAMS REALTY, INC.** § | |

## ORDER

Before the Court is Keller Williams Realty Inc.'s Motion for Protective Order (Dkt. No. 30), as well as TPI Cloud Hosting, Inc.'s Response (Dkt. No. 36) and Keller Williams' Reply (Dkt. No. 40). The motion was referred to the undersigned for resolution.

The motion raises a narrow issue. Keller Williams has produced to TPI a memorandum written by its current president, which, except as to one paragraph, it has designated "Confidential." Under the Confidentiality and Protective Order entered in this case (Dkt. No. 24), this means that TPI may only share the confidential portions of the memo with "Qualified Persons." The Protective Order defines this group to include counsel of record, experts or consultants, TPI's and Keller Williams' officers actively involved in the case, and the author, addressee or intended recipient of the document. Qualified Persons must agree in writing to be bound by the terms of the Protective Order, and to keep any document provided to them confidential. The specific memo at issue is aptly described by Keller Williams:

> The memorandum is an eight-page summary prepared by Josh Team, the President of Keller Williams. It describes the "rules of engagement" that Chris Heller—Keller Williams' former CEO—laid out for how to work with key executives of the company. . . . The memorandum includes detailed impressions and business advice provided to Josh Team about these key executives, including their personality traits, business styles, and how best to work with them. The memorandum also contains sensitive business information . . . including President Josh Team's confidential impressions about the internal workings of Keller Williams; business strategies

> regarding company focus, future and ongoing initiatives and projects; and potential deals and partnerships with other companies.

Dkt. No. 30 at 3. TPI contends that the memo is not confidential, but instead is just "a really bad embarrassing document for KW." Dkt. No. 36 at 1. Alternatively, TPI argues that even if the memo is confidential, it is "certainly not confidential as to KW's three former officers and senior employees who worked on" the initiatives discussed in the memo. Thus, TPI asks that it be permitted to show the memo to Chris Heller (former CEO), Jamie Jatzlau (former General Counsel) and John Davis (former President). It requests that the Court "order either (1) KW produce [the] Memo without a "confidential" designation; or (2) add Mr. Heller, Ms. Jatzlau, and Mr. Davis to the list of "Qualified Persons" to whom the . . . Memo may be disclosed under the terms of the protective order." Dkt. No. 36 at 8.

The Court rejects TPI's argument that the memorandum is improperly classified as a "confidential" document under the Protective Order. The memo addresses non-public information about the leadership dynamics of Keller Williams, the author's view of a number of business and third-party initiatives the then-CEO was promoting, and the author's view of how he believed the company should be pursuing those initiatives. It is strategic information that any business would not want its competitors or the public to see. It is properly designated as confidential, and meets the definition of "Classified Information" as described in the Protective Order. *See* Dkt. No. 24 at 3.

Having found that the document is properly designated, the only remaining question is whether the Court should include Heller, Jatzlau, and Davis as "Qualified Persons" as to the document.[1] TPI, however, has failed to offer any compelling reason why it needs to show the

---

[1] The Protective Order contemplates this possibility, noting that a "Qualified Person" may include "[s]uch other person as this court may designate after notice and an opportunity to be heard."

document to the three identified former Keller Williams employees. Confusingly, while it argues forcefully that these individuals already know about many of the matters discussed in the memo, it fails to explain why, given their familiarity with the information, any of the three need to be shown the memo for TPI to inquire about those topics. None of the three were either the author or recipient of the document. Further, TPI's argument that former executives should be able to see confidential documents from their time with their former employer, since they are already aware of the information, proves too much. That same argument could be made in every commercial case, which would create a large loophole in the standard protective orders entered in commercial litigation. Indeed, "Qualified Persons" under what is this District's standard protective order do not even include all of the *existing* officers of a corporate party, but instead applies only to those "who are actively involved in the prosecution or defense of this case." Dkt. No. 24 at 2. To expand the universe of people able to view a confidential record to include former officers, simply because they have knowledge of the matters addressed in an otherwise confidential corporate document, would defeat the purpose of protective orders. Moreover, as Keller Williams has demonstrated, at least Heller and Jatzlau work for entities that compete with Keller Williams. This is yet another reason why adding the three former employees to the list of "Qualified Persons" under the Protective Order is unwarranted.

Nothing in what the Court has just said prevents TPI from using the document in this case. As Keller Williams concedes, it "does not dispute that the document is relevant, and TPI has every right to use the document to impeach Josh Team and Keller Williams' other witnesses." Dkt. No.

---

Dkt. No. 24 at ¶ 2.c.

40 at 2. Similarly, TPI is free to ask Heller, Jatzlau or Davis about the matters discussed in the document, it just may not disclose the contents of the memo to them.

For the reasons stated, Keller Williams Realty Inc.'s Motion for Protective Order (Dkt. No. 30) is **GRANTED** and the memo at issue shall retain its "Confidential" designation, except as to the paragraph Keller Williams has produced without restriction.

SIGNED this 9th day of March, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE